## STATE v. LeBARRON.

(No. 875; Decided January 18th, 1917; 162 Pac. 265.)

Constitutional Law—Master and Servant—Hours of Labor—
Class Legislation—Statutes—General Laws—Special Laws—
Reserved Questions—Uniform Operation of Laws.

1. Chapter 45, Laws 1915, limiting hours of labor for females, except females employed by hotels and restaurants operated by railroads, is unconstitutional and void under the 14th amendment of the Constitution of the United

States in denying to the excepted class equal protection under the statute.

2. A statute limiting hours of labor of females, except such as are employed by hotels and restaurants operated bv railroads, is in violation of Article 1, Section 34, of the State Constitution requiring all laws of a general nature to have a uniform operation, and also violates Article 3, Section 27, providing that where a general law can be made applicable, no special law shall be enacted.

Heard on questions of law reserved and certified from the District Court of Laramie County arising on demurrer filed to an information charging William I. LeBarron with a violation of Chapter 45 of the Laws of 1915, limiting hours of labor for female employees; Hon Wm. C. Mentzer, Judge.

*D. A. Preston,* Attorney General, for the State.

The provisions of Section 1 of Chapter 45, Laws 1915, are not unconstitutional. (People v. Elerding, 40 L. R. A. (N. S.) 893; Ritchie v. Wyman, 27 L. R. A. (N. S.) 994; Muller v. Ore., 208 U. S. 412; Commonwealth v. Riley, 232 U. S. 671; State v. Dominion Hotel, 151 Pac. 958; Wenham v. State, 58 L. R. A. 825; Miller v. Wilson, 236 U. S. 373; Bosley v. McLaughlin, 236 U. S. 385; State v. Buchanan, 29 Wash. 602; Ex parte Anna Hawley, 12 Ohio, N. P., 1, 232 U. S. 718.) The exemptions created by Section 2 of the same chapter are based upon substantial conditions existing between the classes of business exempt and the classes included in Section 1; the exemption as to telephone offices or exchanges is reasonable; the exception as to hotels and restaurants operated by railroad companies is a reasonable classification; the business of such hotels and restaurants differs from others owing to the time of arrival and departure of trains. (State v. Railroad Co., 33 L. R. A. N. S. 494.) If the classification is based on reasonable grounds, it does not offend against the constitutional provisions. (6 R. C. L. 374; State v. Currans, 56 L. R. A. (Wis.) 252; Miller v. Wilson, 236 U. S. 373.) The classification is proper for it applies to all persons who bring them-

selves under its provisions. (Withey v. Bloem, 163 Mich. 419; L. & N. R. Co. v. Melton, 218 U. S. 36; Missouri Railway Co. v. Mackey, 127 U. S. 205; Hawthorn, et al., v. The People, 109 Ill. 302; Wenham v. State, 58 L. R. A. (Nebr.) 825.) The classification must be unreasonable and arbitrary to justify the courts in declaring the law unconstitutional. (State v. Sherman, 18 Wyo. 169.) All doubts must be resolved in favor of validity. (State v. Somerville, 67 Wash. 638; State v. Bunting, 139 Pac. (Ore.) 731.) A legislative declaration that conditions exist calling for distinction will be given weight. People v. Elerding, 40 L. R. A. (N. S.) (Ill.) 893; Munn v. People, 69 Ill. 80; Missouri, Kansas & Texas Ry. Co. v. May, 194 U. S. 267.) The court will take cognizance of all matters of general knowledge and of the conditions under which work is performed in hotels and restaurants operated by railroads as distinguished from hotels and restaurants not operated by railroads. (State v. Somerville, 67 Wash, 638; P. Ft. W. & C. Ry Co. v. Callaghan, 50 Ill. App. 676.) It is our contention that the law is a general law, operating alike on all persons similarly situated. The act under consideration is not class legislation. (Dawson Soap Co. v. City of Chicago, 234 Ill. 314; St. John v. Andrews Institute, 191 N. Y. 254; Allen v. Pioneer Press Co., 3 L. R. A. 532.) The questions should be answered in the negative.

*Donzelmann & Mentzer,* for defendant.

The statute is unconstitutional in that it unjustly discriminates between citizens of the state, who stand in the same relation to the object of the statute; it is also discriminatory because it includes a part and excludes a part of the class it was evidently intended to protect. To be valid a statute must bring within its provisions all who are under and subject to similar and like conditions and exclude none. (Johnson v. Railroad Company, 43 Minn. 224, 45 N. W. 156; Ex parte Shonke, 82 Pac. 956; State v. McCue, 51 N. W. 112.) Classifications must be based upon some reason existing in the condition and circumstances of the subjects placed in

different classes, showing a necessity for different legislation in respect to them. (State v. Donaldson, 42 Minn. 781; Randolph v. Wood, 49 N. J. Law 88; Chicago v. Runff, 45 Ill. 90; May v. People, 27 Pac. 1010; McQuillan Municipal Ordinances, 193; Tugman v. Chicago, 78 Ill. 485.) The classification undertaken by Section 2 is discriminatory. (State v. Wagner, 72 N. W. 67; State v. Sheriff, 51 N. W. 112.) The law must include within its operation all who stand in the same relation to its purpose. (State v. Boscowitz, 156 N. W. 945; 35 A. & E. A. C. 1915 A. 477; 26 Supreme Court Rpt. 554; Yick Wo v. Hopkins, 6 Sup. Ct. Rpt. 1964; Covington v. Dalhein, 102 S. W. 829; Constitutional Limitations, pgs. 483-486; Nichols v. Walter, 33 N. W. 800.) The difference on which the classification is based must be such as in some reasonable degree will account for or justify the peculiar legislation. (Pasadena v. Stimson, 27 Pac. 604; Bloss v. Louis, 41 Pac. 1081; Ex parte Jentzseh, 112 Cal. 474; 32 L. R. A. 644; Ex parte Shoncke, 82 Pac. 596; 2 L. R. A. N. S. 813.) An arbitrary distinction will invalidate the statute. (Pratt v. Brown, 67 Pac. 1082; State v. Hammer, 42 N. J. Law, 435; Budd v. Hancock, 66 N. J. Law, 133; 27 Amer. & Eng. Enc. of Law, 2nd Ed., 683.) The statute violates Art. 2, Section 34, of the State Constitution requiring general laws to have a uniform operation. (Ex parte Miller, 124 Pac. 427.) The statute seems to designate a class and then to except from the operation of the law a part of the same class without any justifiable basis. It is therefore a special law and invalid under the Constitution. (Y. M. C. A. v. Parish, 154 Pac. 785; 4 Words & Phrases (2nd Series) 635; Budd v. Hancock, 66 N. J. Law, 133; 48 Atl. 1023; State ex rel. Atty. Gen. v. Miller, 100 Mo. 439; 13 S. W. 677; Southerland Stat. Constr. No. 121.) A law is general and uniform in its operation, if it applies to all persons in the same circumstances. (Coal Co. v. Pollard, 62 N. E. 492, 158 Ind. 607.) And when in its operation it applies to all persons in a like situation. (Land Co. v. Soper, 39 Ia. 112; Arms v. Ayer, 61 N. E. 851, 58 L. R. A. 277.) The statute is invalid under

Section 27 of Art. 3, State Constitution, providing that where a general law can be made applicable, no special law shall be enacted. A law which fixes a class as a whole is a general law. (Brooks v. Hyde, 37 Cal. 366; Clark v. Finley, 54 S. W. 343; Hamman v. Coal Co., 56 S. W. 1091, 150 Mo. 232; Van Riper v. Parsons, 40 N. H. Law, 8; Sawyer v. Dooley, 21 Nev. 309, 32 Pac. 437; Railroad Co. v. Board, 48 N. J. Law, 1, 57 Am. Rpt. 516; Coal Co. v. Pollard, 62 N. E. 492, 158 Ind. 607.) A general law must include all and exclude none whose wants and conditions render such legislation equally necessary or appropriate to them as a class. (Helfer v. Sinon, 53 N. J. Law, 550, 22 Atl. 120; Warner v. Hoggland, 51 N. J. Law, 66; Dexheimer v. City, 36 Atl. 706, 60 N. J. Law, 111; Robinson v. Southern Pac. R. Co., 38 Pac. 94, 22 L. R. A. 773.) A law which applies to only a part of a class is a special law. (Inv. Co. v. School Dist., 19 Fed. 359; People v. Central Pac. R. Co., 83 Cal. 393, 23 Pac. 303.) To avoid a conflict with the Constitution a statute must be general in its application to the class and all of the class coming within its operation. (Daily Leader v. Cammeron, 41 Pac. 635; Gay v. Thomas, 46 Pac. 378, 14 Utah 383; State v. Mining Co., 15 Nev. 234-249; State v. Irwin, 5 Nev. 11; Ex parte Spinney, 10 Nev. 391.) The rule was observed and discussed in McGarvey v. Swan, 17 Wyo. 120, and stated in Land Co. v. Soper, 38 Ia. 112. (Arms v. Ayer, supra.) General and special laws are distinguished in Y. M. C. A. v. Parish, 154 Pac. 785. The statute excludes a part of the citizens of the state and includes a part of the same class and is therefore unconstitutional and void. If Section 2 of the act be found void the first section cannot stand. (State v. Robinson, 146 Pac. 628.)

Beard, Justice.

A criminal information was filed in the district court of Laramie county by the county and prosecuting attorney, charging the defendant, William I. LeBarron, with having on the 12th day of October, A. D. 1915, at the county of

Laramie, in the state of Wyoming, unlawfully employed one Zella Michaels, a female, to work in a restaurant conducted by him, for more than ten hours in one day, contrary to the statute, &c.

The defendant demurred to the information on the ground that the statute ('Chapter 45 of the Session Laws of Wyoming for the year 1915) is unconstitutional and void.

The matter coming on for hearing, the district court found that the issues of law arising on said demurrer involved important and difficult constitutional questions, a decision of which were necessary in said action, reserved and certified to this court the following questions for its decision:

"1st. Is Chapter 45 of the Session Laws of Wyoming for the year 1915, being 'An Act to limit the hours of labor for females, and providing penalties for violation thereof,' unconstitutional as being class legislation?"

"2nd. Is the said chapter unconstitutional and in contravention of Section 34, of Article 1, of the Constitution of the State of Wyoming, in that said act is a law of general nature and does not have a uniform operation?"

"3rd. Did the Legislature of the State of Wyoming in the passing of said act, contravene Section 27, of Article 3, of the Constitution of the State of Wyoming, which provides that in all cases where a general law can be made applicable, no special law shall be enacted?"

The said Chapter 45, S. L. 1915, is as follows:

"Section 1. No female shall be employed, or suffered or permitted to work in any manufacturing, mechanical, printing, baking, laundering, or canning establishment, or hotel, or telephone exchange, restaurant, theater or place of public amusement, more than fifty-six hours in any one week, nor more than ten hours in any one day, and such working hours shall not extend over a longer period than twelve hours in any one day, and the continuous period of employment without rest shall not be for a period of hours longer than six, and that the period specified by the word 'lunch,' shall not be less than one-half hour nor more than for two hours;

nor shall there be included in any one week more than two days of ten hours each."

"Sec. 2. The provisions of Section 1, of this act, shall not apply to telephone offices or exchanges, employing three females or less, or to hotels and restaurants operated by railroad companies."

"Sec. 3. The employment of any female for a longer time in any day or in any week than as so provided in Section 1, of this act, shall be deemed a violation of this act, and any person, firm or corporation so violating the provisions hereof, shall be deemed guilty of a misdemeanor, and upon' conviction thereof shall be punished by a fine of not less than twenty-five dollars ($25.00), nor more than one hundred dollars ($100.00), or by imprisonment in the county jail for a period of not less than thirty (30) days or more than ninety (90) days, or by both such fine and imprisonment. Provided further that each and every violation shall constitute a separate offense."

The constitutional provisions mentioned in the questions are as follows:

"Section 34, Article 1. All laws of a general nature shall have a uniform operation."

"Section 27, Article 3. The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: * * * granting to any corporation, association or individual, the right to lay down railroad track, or any special or exclusive privilege, immunity or franchise whatever, * * * In all other cases where a general law can be made applicable no special law shall be enacted."

The question as to whether or not the statute under consideration is "class legislation," also arises under the provisions of the Fourteenth Amendment to the Constitution of the United States which provides, "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the law."

That the legislature may by law reasonably regulate the hours of labor of females employed in restaurants is not disputed or in controversy in this case; nor is it contended that the hours of such employment as fixed by the statute are unreasonable. The purpose of the statute is plainly to protect the health of such employes; and the sole question here is, does the statute unlawfully discriminate between employes of the same class?

By the first section of the act restaurants are designated among the several classes of business in which the hours of employment of females is regulated, and includes all restaurants whether large or small, and by whomsoever conducted. It is a separate and distinct branch, kind, or class of business, and is so specified in the act. And if that section of the act stood alone we would not hesitate to hold it constitutional; but it is with the exception from the operation of that section of "restaurants operated by railroad companies' with which we have to deal. It is this exception or selection from a general class, of particular restaurants, which renders the act with respect to restaurants—and that is all we are considering in this case—unconstitutional if it is so.

As to classifications which are permitted and which do not violate constitutional provisions it is the uniform rule that the reason for the classification must inhere in the subject-matter, and must be natural and substantial, and must be one suggested by necessity, by such difference in the situation and circumstances of the subjects as to suggest the necessity or propriety of different legislation with respect to them. (6 R. C. L., Sec. 374.) Or, as well stated in State ex rel. Richards v. Hammer, 42 N. J. L. 435, "The true principle requires something more than a mere designation by such characteristics as will serve to classify, for the characteristics which thus serve as a basis of classification must be of such a nature as to mark the objects so designated as peculiarly requiring exclusive legislation. There must be substantial distinction, having a reference to the subject-matter of the proposed legislation, between the objects or places embraced in such legislation and the objects

or places excluded. The marks of distinction on which the classification is founded must be such, in the nature of things, as will, in some reasonable degree, at least, account for or justify the restriction of the legislation." That principle is fully sustained by the decision of the Supreme Court of the United States, (Connolly v. Union Sewer Pipe Co., 184 U. S. 540, 22 Sup. Ct. 431, 46 L. Ed. 679), where the decisions are cited and reviewed.

Keeping in mind the purpose of the act under consideration—the protection of the health of females employed in restaurants by a regulation of the hours of their employment—there is nothing appearing either upon the face of the act, the pleadings, or in our own observation (if we may take that into consideration) rendering restaurants operated by railroad companies any more healthful to females therein employed than in those conducted by private individuals or other companies or corporations. It is a matter of common and general knowledge that most of the female employes in restaurants are waitresses; and the kind and character of the labor performed in each is the same. It is no doubt true that in some there may be more conveniences for service than in others; the distance between the place where the food is prepared and where it is served may differ; what may be termed the rush hours may vary in the different places, and some may be more liberally patronized than others; but those are matters which, we dare say, vary as much between different restaurants operated by others than railroad companies, as between those operated by railroad companies and other persons; and undoubtedly similar differences exist between the various restaurants operated by railroad companies. But those are not substantial distinctions having reference to the subject-matter of the legislation. The class of business is the same in each, and the kind of labor required is the same. A waitress in a restaurant operated by a railroad company is entitled to the same consideration in law, and the same safeguards to her health as one employed in a restaurant conducted by a department store or a private individual. It has also been held that "the

legislature cannot take what might be termed a natural class of persons, split that class in two, and then arbitrarily designate the dissevered factions of the original unit as two classes, and thereupon enact different rules for the government of each." (6 R. C. L. Sec. 375; State v. Julow, 129 Mo. 163, 31 S. W. 781, 29 L. R. A. 257, 50 Am. St. Rep. 443; State v. Miksicek, 225 Mo. 561, 125 S. W. 507, 135 Am. St. Rep. 597), in which case a law was held to violate a provision of the Missouri constitution similar to Section 27 of Article 3 of our constitution, and also of the Fourteenth Amendment to the Constitution of the United States, because it discriminated between biscuit, bread and cake bakeries, and pie, pastry and cracker bakeries. In Bailey v. The People, 190 Ill. 28, 60 N. E. 98, 54 L. R. A. 838, 83 Am. St. Rep. 116, a statute of that state was held unconstitutional which prohibited more than six persons from sleeping in the same room at the same time in "lodging houses," but not including inns, hotels, taverns and boarding houses, because it discriminated against lodging house keepers as a class, and deprived them of liberty and a property right which other persons engaged in business of the same general character and similarly conducted might freely exercise without let or hindrance. See also, State v. Wagener, 69 Minn. 206, 72 N. W. 67, 38 L. R. A. 677, 65 Am. St. Rep. 565; State v. W. W. Robinson Co., 84 Wash. 246, 146 Pac. 628. In the case before us, by the first section of the act, restaurants are designated as a class, for the female employes in which the legislature deemed protection necessary, by limiting the hours of employment. It, then, by the second section of the act, selects certain restaurants, included in the general or natural classification, and exempts them from the operation of the act, not on account of any substantial difference or distinction in the kind or character of the labor required of those employed, or because it is more healthful to work in a restaurant operated by a railroad company than in one conducted by others; but because, as contended by the Attorney General, railroad restaurants "are operated for the benefit and convenience of the passenger traffic traveling to and

fro over the different railroads, and for the benefit and con-
venience of the employes thereof," and for that reason, it is
argued, they differ materially from other restaurants. But
that leaves out of consideration the purpose of the enact-
ment. It is not a statute to promote the convenience of the
traveling public or the employes of railroads; but to pro-
tect the health of females employed in restaurants. And we
apprehend that the health of a female may be as seriously
injured or impaired by working overtime for the benefit and
convenience of the traveling public, or railroad employes, in
a restaurant operated by a railroad company, as in any other.
But if the reasons advanced by the Attorney General were
to be held sufficient as a basis for classification, the exception
is not limited to restaurants conducted solely for the bene-
fit and convenience of the traveling public and railroad em-
ployes, but includes all restaurants operated by railroad com-
panies. We are, therefore, of the opinion that the statute in
question arbitrarily and without any substantial basis there-
for discriminates between those engaged in the same class
of business; that it deprives restaurant keepers, other than
railroad companies, of the equal protection of the law and
imposes upon them and their employes burdens not imposed
upon railroad companies engaged in the same class of busi-
ness and in substantially the same situation; that it is class
legislation and does not operate uniformly upon all of the
same class, and in so far as it applies to the hours of labor
in restaurants—that being the only question before us—it is
unconstitutional and void.

We are not unmindful of the rule that a statute should not
be held to be unconstitutional unless it clearly appears to be
so. But in this case there does not appear to us to be such
natural or substantial distinction, having reference to the
subject-matter of the legislation, between the restaurants in-
cluded within and those excepted from the operation of the
act as to constitute a basis for classification. With refer-
ence to the other exceptions contained in the second section
of the act, in the opinion of the writer, they are not in-
volved in the present case and as to them he expresses no

opinion. In response to the reserved questions, in so far as the statute applies to restaurants, we answer each of said questions in the affirmative.

POTTER, C. J., concurs.

SCOTT, J., did not participate in the decision.

POTTER, CHIEF JUSTICE, (concurring). I concur in the conclusion that to the extent of the provision of the statute in question with relation to restaurants it is unconstitutional for the reasons stated, but I go further than that. It is contended that the entire statute is void because of each of the exceptions named in Section 2, and I think that matter should be passed upon and that the whole question of the constitutionality of the statute is before us for consideration and decision. The objection to the statute upon which its provisions as to restaurants are held invalid applies also to the provision therein relating to hotels. But in other respects the statute, in my opinion, is a valid exercise of legislative power and is a valid and constitutional statute. The provision of the statute that it shall not apply to telephone offices or exchanges employing three females or less may be based, I think, upon a reasonable ground, and the classification in that respect could not be held unreasonable and would not invalidate the statute. The statute, in my opinion, might, without being unconstitutional for that reason, have excluded hotels and restaurants, and therefore the provision with reference to hotels and restaurants may be separated from the remainder of the statute, and that part held and declared to be invalid without affecting the validity or constitutionality of the remainder of the statute. And I do not think the exception as to hotels and restaurants renders the provisions of the act or statute as to employment in other pursuits or establishments invalid. I hold, therefore, that while the statute must be held invalid so far as it regulates the employment of females in hotels and restaurants, it is in all other respects valid and constitutional.