C. N. BELL, Plaintiff,

v.

Norman B. GRAY, Attorney General of the State of Wyoming; Gilbert A. D. Hart, Insurance Commissioner for the State of Wyoming; Attilio W. Bedont, C.L.U., Archie Shafer, Tom Horn, Jr., Don Noonan, R. Max Hursh, The Board of Insurance Agent's Examiners for the State of Wyoming; Bernard E. Cole, County and Prosecuting Attorney, Laramie County, Wyoming; H. J. Conine, Sheriff, Laramie County, Wyoming, Defendants.

No. 3114.

Supreme Court of Wyoming.

Jan. 22, 1963.

John W. Pattno, Cheyenne, for plaintiff.

Norman B. Gray, Atty. Gen., W. M. Haight, Deputy Atty. Gen., Sterling A. Case, Asst Atty. Gen., Cheyenne, for defendants.

Hickey, Raper, Rooney & Walton, Cheyenne, amicus curiae.

Before PARKER, HARNSBERGER, and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

This is a suit under the Uniform Declaratory Judgments Act for the purpose of determining the validity of c. 234, S. L. of Wyoming, 1961 (§§ 26–67.1—26–67.11, W.S. 1957 (1961 Cumulative Supp.)). The law previously required a license of insurance agents and brokers. The Act in question created a board of insurance agent examiners and provided for the written examination of insurance agents but exempted from its provisions four classes of persons, those selling insurance for fraternal benefit societies; those representing public carriers who, in the course of said representation, solicit or sell insurance incidental to

the transportation of persons or to the storage or transportation of property; those soliciting or selling insurance in connection with credit life and credit health and accident insurance transactions; and those soliciting or selling insurance in connection with motor vehicles sales transactions.

Plaintiff, an insurance agent who claimed injury by reason of the existence of the law, charged it was violative of §§ 2, 6, and 7, Art. 1, Wyo.Const., and § 27, Art. 3, Wyo.Const., and also violative of § 10, Art. 1, U.S.Const., and of the equal protection clause of the Fourteenth Amendment of the U.S.Const.

The trial court reserved and certified to the supreme court as a difficult constitutional question the following:

"Is Chapter 234, Wyoming Session Laws, 1961, Pages 591 to 594, inclusive, unconstitutional in contravention of Article 1, Sections 2 and 7 of the Constitution of Wyoming, and/or Article 6 [sic] of the Wyoming Constitution, the 14th Amendment to the Constitution of the United States, and/or Article 1, Section 10, of the Constitution of the United States, and/or Article 3, Section 27 of the Wyoming Constitution?"

Plaintiff concedes that insurance being a business affecting the public interest is subject to state control and regulation but charges that the exemptions of the mentioned insurance agents are unreasonable, arbitrary, and unrelated to the purpose of the statute and argues that there is no real difference between those who are relieved from taking the examination and other insurance agents.

No consideration need be given to the first three exemptions since plaintiff's counsel presented no sound reasons in support thereof and indicated that objection to them was only nominal. Miller v. Board of County Commissioners of the County of Natrona, 79 Wyo. 502, 337 P.2d 262, 271; Salt Creek Transp. Co. v. Public Service Commission of Wyoming, 37 Wyo. 488, 263 P. 621, 622.

In the parties' stipulation, they assume that the purpose of the questioned law is to cause insurance brokers and agents to be better qualified in insurance matters and to better protect the insurance buying public from unqualified insurance agents and brokers, and they agree that persons who solicit and sell insurance in connection with motor vehicles sales transactions sell all of the same types and varieties of insurance as do persons who sell motor vehicle insurance and are required to take and pass the insurance examination before being licensed and that persons who solicit and sell insurance in connection with motor vehicle sales receive commissions.

■ In a challenge of the unconstitutionality of a statute, a primary rule is that announced by In re Trent's Claim, 68 Wyo. 146, 231 P.2d 180, 185, " 'One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.' " As we noted in Miller v. Board of County Commissioners of the County of Natrona, supra, 337 P.2d at 271, a person contesting the constitutionality of a statute must do more than make bald assertions of what he thinks is discriminatory. Discussions of this well established principle are found in 16 C.J.S. Constitutional Law § 100 c, p. 462, and 12 Am.Jur. Constitutional Law § 521, p. 216.

Also, in State v. Langley, 53 Wyo. 332, 84 P.2d 767, 771, we pointed out that nearly every law abridges individual freedom of action to a more or less extent, and when a law is enacted, it may give rise to a conflict between such freedom on the one hand and the power of the legislature to abridge it on the other hand, the solution of the conflict being with the court as ultimate arbiters with the duty to protect any unwarranted invasion upon guaranteed rights. In that case we went on to say that courts, recognizing the legislative to be of equal dignity with the judicial, have proceeded upon the assumption that members of the legislature will investigate and determine for themselves

whether or not a proposed law will violate the constitution, and accordingly, have adopted the rule that no law will be declared unconstitutional unless it is clearly so. Likewise we have said that if any state of facts can reasonably be conceived which can sustain a legislative classification, the existence of such a state of facts when the law was enacted must be assumed. In re Trent's Claim, supra, 231 P.2d at 185.

Such restrictions as we have imposed upon our determination of constitutional questions do not relieve us of the obligation to resolve any question of violation which is presented. The trial court's findings are to the effect that the persons in the exempted class sell all of the same types and varieties of insurance as do persons engaged in the general commercial insurance business. A literal interpretation of the exemption portion of the statute indicates that all types of insurance coverage, in connection with a motor vehicle sales transaction, may be sold. The wording of the exemption is so broad that it constitutes an unreasonable and unwarranted discrimination which cannot be justified either as a proper exercise of police power or shielded under the cloak of classification.

In Miller v. Board of County Commissioners of the County of Natrona, supra, 337 P.2d at 269, we said that there must be some difference which furnishes a reasonable basis for different legislation as to the different classes and not a purely arbitrary one, having no just relation to the subject of the legislation. In the matter before us, a critical examination of the statute fails to disclose that the mentioned exception in the Act promotes the stated purpose of the legislation so as to constitute reasonable classification. See State ex rel. Sampson v. City of Sheridan, 25 Wyo. 347, 170 P. 1, 5, 1 A.L.R. 955; State v. Le Barron, 24 Wyo. 519, 162 P. 265, 266, Ann.Cas.1918D, 998. Nothing has been presented to the court which would justify the exemption from examination of persons soliciting and selling insurance in connection with motor vehicles sales transactions.

From what has been said, it follows that the challenged exemption is unconstitutional and void. This determination does not of itself render the entire statute invalid. We noted in McFarland v. City of Cheyenne, 48 Wyo. 86, 42 P.2d 413, 416, that a law void in part is not necessarily void as a whole and whether a legislative act should be declared unconstitutional as a whole when a portion thereof is invalid depends primarily upon the intention of the legislature. In Steffey v. City of Casper, Wyo., 357 P.2d 456, 469, 358 P.2d 951, we recognized the principle and said that the burden of proof that the statute was meant to be indivisible would be upon the party attacking its constitutionality. Here no showing has been made of the unconstitutionality of any portion except the last mentioned exemption, and accordingly, we answer the question submitted by the trial court by saying that the fourth exemption of § 10 of the original law reading, "or (d) persons soliciting or selling insurance in connection with motor vehicles sales transactions" is unconstitutional and void.