James T. BASKIN, Appellant
(Employee-Claimant),

v.

STATE of Wyoming, ex rel., WORKER'S
COMPENSATION DIVISION,
Appellee (Respondent),

Hicklin Sod Farm, Appellee
(Employer-Defendant).

No. 85–198.

Supreme Court of Wyoming.

July 10, 1986.

Daniel E. White, Vines, Rideout, Gusea & White, P.C., Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneison, Sr. Asst. Atty. Gen., and Terry J. Harris, Asst. Atty. Gen., Cheyenne, for appellee State of Wyo.

Carole Shotwell, Whitehead, Zunker, Gage, Davidson & Shotwell, P.C., Cheyenne, for appellee Hicklin.

Before THOMAS, C.J., and BROWN, CARDINE and MACY, JJ., and TAYLOR, District Judge.

THOMAS, Chief Justice.

This appeal is taken from the denial of a claim for worker's compensation benefits. The significant question to be resolved is the constitutionality of the exception of "ranching or agriculture" from the extrahazardous occupations of teaming and truck driving and motor delivery as defined in § 27–12–106(a)(xviii) and (xix), W.S.1977. The constitutionality of § 27–12–102(a)(xvi), W.S.1977, which permits an employer engaged in "power farming" to elect coverage under the Wyoming Worker's Compensation Act also is raised as an issue. In addition Baskin questions whether his employment in fact was in agriculture or ranching so as to permit the invocation of the exceptions. The district court entered an order denying worker's compensation benefits. We affirm that order and hold the statute is constitutional and was applied correctly in this case.

Baskin was an employee of Hicklin Sod Farm which produces lawn sod in addition to other agricultural products. Hicklin Sod Farm owns and operates a tractor-trailer unit which it uses for delivery of lawn sod. Baskin was injured while delivering sod from Laramie County to Rock Springs. The accident which resulted in his injury was caused by a blow-out of a front tire. Baskin filed a claim for worker's compensation benefits, and the employer denied that Baskin's claim was covered by the worker's compensation statutes.

Hicklin Sod Farm took the position that it was engaged in "ranching or agriculture". It then relied upon the exceptions from extrahazardous occupations which are set forth in § 27–12–106(a), W.S.1977, in this pertinent language:

"The extrahazardous occupations and employees to which this act [§§ 27–12–101 through 27–12–804] applies are:

*   *   *   *   *   *

"(xviii) Teaming and truck driving, except in connection with ranching or agriculture;

"(xix) Motor delivery, including drivers and helpers in connection with any occupation except agriculture or ranching; * * *."

The record discloses that Baskin's duties consisted primarily of transporting sod, but when occasion required he also bailed hay, did fencing, cleaned the shop, maintained machinery and piled and hauled sod pallets. The district court concluded that Baskin was engaged in "ranching or agriculture" and then held that he was not covered by the provisions of the worker's compensation statutes at the time of his injury. Baskin has appealed from that decision of the trial court.

In his brief Baskin states the issues to be addressed in this way:

"I. Should the agricultural exemption provided in W.S. § 27–12–106(a)(xviii) and (xix) apply in this case where the character of the appellant's work was primarily non-agricultural?

"II. Does the agricultural exemption provided in W.S. § 27–12–106(a)(xviii) and (xix) violate the appellant's rights to due process and equal protection of law guaranteed to him under the Constitutions of the United States of America and the State of Wyoming?

"III. Does the agricultural exemption available under W.S. § 27–12–102(a)(xvi) violate Article 10, Section 4 and Article 3, Section 27 of the Wyoming Constitution?"

Hicklin Sod Farm, as appellee, presents this statement of the issues for decision:

"A. The facts in the case at bar require the district court's ruling be upheld that the agricultural exemption provided in Wyoming Statute 27–12–106(a)(xviii) and (xix) applies where appellant was injured while engaged in agricultural labor.

"B. The agricultural exemption in Wyoming Statute 27–12–106(a)(xviii) and (xix) does not violate either the due process or the equal protection clause of the Wyoming or United States Constitutions.

"C. The agricultural exemption under Wyoming Statute 27–12–102(a)(xvi) does not violate either Art. 10, § 4 or Art. 3, § 27 of the Wyoming Constitution."

The State of Wyoming has also appeared as an appellee, and it asks that these issues be addressed:

"I. Section 27–12–106(a)(xviii) and (xix), W.S.1977, does not constitute a denial of equal protection guaranteed by the Fourteenth Amendment to the Constitution of the United States.

"II. Section 27–12–102(a)(xvi), W.S. 1977, does not violate either Article 10, Section 4, or Article 3, Section 27 of the Wyoming Constitution."

█ In his initial contention Baskin urges the proposition that the exception for "ranching or agriculture" should not be applied in his instance because his work primarily was different from traditional ranching or agricultural activities. Baskin is misguided in presenting this argument, however, because in the law of worker's compensation, determinations of whether an employee is or is not engaged in extra-hazardous employment are made by reference to the employer's business. 1C Larson, Law of Workmen's Compensation, § 53.31, p. 9–153 (1986). In this instance there is no real dispute over the fact that the employer's business is an agricultural enterprise. The district court found that the sod delivery in which Baskin was engaged at the time of the accident resulting in his injuries was an integral part of that agricultural enterprise. We perceive Baskin's argument as a contest of this factual determination, but we have held that whether the claimant was involved in an extra-hazardous occupation is a fact question for the trial court. *Randell v. Wyoming State Treasurer ex rel. Wyoming Worker's Compensation Division*, Wyo., 671 P.2d 303 (1983). We also held in that case that the determination of the trial

court is to be upheld if it is supported by substantial evidence.

█ The general rule is that if the employer does not engage in extrahazardous activities, then whether the individual employee's activities are hazardous in nature is not material to this determination. *Randell v. Wyoming State Treasurer ex rel. Wyoming Worker's Compensation Division*, supra, citing 1C Larson, Law of Workmen's Compensation, § 55.41, p. 9–235 (1982). Baskin cites to us *In re Merritt's Claim*, Wyo., 455 P.2d 661, 664 (1969), in which this court said:

"[T]he term 'motor delivery' brought within the coverage of the law as an extrahazardous occupation the driving of an employer's motor vehicle ordinarily used and being used in a merchandising business for the delivery or hauling of the employer's goods and merchandise."

We accept this principle as well as the proposition that some phases of a business may be covered and others not. *Randell v. Wyoming State Treasurer ex rel. Wyoming Worker's Compensation Division*, supra. We held in *Herring v. Welltech, Inc.*, Wyo., 660 P.2d 361, 365 (1983), reh. denied 715 P.2d 553 (1986), however, that "[i]n construing a statute, words must be given their plain and ordinary meaning." In this case, § 27–13–106(a)(xviii) and (xix), W.S.1977, clearly exempt from the extrahazardous employments covered by the worker's compensation statutes teaming and truck driving and motor delivery in connection with ranching or agriculture. In a 1939 case we held that the marketing of hay was within the agricultural pursuit. *In re Roby*, 54 Wyo. 439, 93 P.2d 940 (1939). Consistently with that determination we hold that in this case the activity in which the employee was involved was covered by the exception for ranching or agriculture. There was substantial evidence that delivery of sod to its customers was an integral part of the business operations of Hicklin Sod Farm. That is what Baskin was doing when he was injured, and the trial court did not err in concluding that he

was not a covered employee within the meaning of the statute.

■ Baskin argues that this result is not consistent with the proposition that worker's compensation statutes should be liberally construed to provide protection for the injured worker. This rule of liberal construction cannot be applied, however, where it "results in an extension of the coverage to situations which are not reasonably within the language of the statute. *Alco of Wyoming v. Baker,* supra, [Wyo., 651 P.2d 266 (1982)]; *In re Hardison,* Wyo., 429 P.2d 320 (1967)." *Randell v. Wyoming State Treasurer ex rel. Wyoming Worker's Compensation Division,* supra, 671 P.2d at 309. In the case before us the delivery of sod for the agricultural enterprise is not reasonably within the coverage of the statute because of the clear language of the exception.

Baskin then argues that, if he is not covered by the worker's compensation statute because of the agricultural exception, the exception is unconstitutional as a violation of his rights to due process and equal protection guaranteed to him by the Fourteenth Amendment to the Constitution of the United States of America and Article 1, Section 6 and Article 1, Section 34 of the Constitution of the State of Wyoming.[1]

■ In treating with this aspect of Baskin's argument we must differentiate between two equal protection tests. According to one test if a fundamental interest is involved the court must apply a standard of strict scrutiny, that is the statutory classification must be necessary to achieve a compelling state interest and there must be no less intrusive alternative means available. *Washakie County School District No. One v. Herschler,* Wyo., 606 P.2d 310, cert. denied sub nom *Hot Springs County School District Number 1 v. Washakie County School District Number 1,* 449 U.S. 824, 101 S.Ct. 86, 66 L.Ed.2d 28 (1980). If an ordinary interest is involved, however, the classification is only required to bear a rational relationship to a legitimate state objective. This test has historically been the one applied in Wyoming with respect to worker's compensation cases. In *In re Trent's Claim,* 68 Wyo. 146, 231 P.2d 180, 185 (1951), overruled sub nom *Bowers v. Wyoming State Treasurer ex rel. Workmen's Compensation Division,* Wyo., 593 P.2d 182 (1979), this court said:

"One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary."

Even though the precise holding in *In re Trent's Claim,* supra, was overruled in *Bowers v. Wyoming State Treasurer ex rel. Workmen's Compensation Division,* supra, the quoted test remains good law. *Mauch v. Stanley Structures, Inc.,* Wyo., 641 P.2d 1247 (1982); *Meyer v. Kendig,* Wyo., 641 P.2d 1235 (1982); *Mountain Fuel Supply Company v. Emerson,* Wyo., 578 P.2d 1351 (1978); *United States Steel Corporation v. Wyoming Environmental Quality Council,* Wyo., 575 P.2d 749 (1978); and *Bell v. Gray,* Wyo., 377 P.2d 924 (1963).

■ In presenting his argument Baskin must confront the burden manifested by our rule that statutes are presumed to be constitutional, and one who denies the constitutionality of a statute must establish that unconstitutionality. *Meyer v. Kendig,* supra, *Nickelson v. People,* Wyo.,

1. The Fourteenth Amendment to the Constitution of the United States of America provides as follows:

"All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Article 1, Section 6, of the Constitution of the State of Wyoming provides:

"No person shall be deprived of life, liberty or property without due process of law."

Article 1, Section 34, of the Constitution of the State of Wyoming provides:

"All laws of a general nature shall have a uniform operation."

607 P.2d 904 (1980); and *Stephenson v. Mitchell ex rel. Workmen's Compensation Department*, Wyo., 569 P.2d 95 (1977). Our rule is that courts have a duty to uphold statutes, and any doubts with respect to this issue will be resolved in favor of constitutionality. *Meyer v. Kendig*, supra; and *Washakie County School District No. One v. Herschler*, supra. Expressing this in another way, we have said that unconstitutionality must be "clearly and exactly shown beyond a reasonable doubt." *Stephenson v. Mitchell ex rel. Workmen's Compensation Department*, supra. Not only is the burden of showing the classification to be improper on the assailant, *Mountain Fuel Supply Company v. Emerson*, supra, but if any state of facts reasonably can be conceived which will sustain the classification, they will be assumed to have existed when the law was passed. *Meyer v. Kendig*, supra; *Nickelson v. People*, supra; *Mountain Fuel Supply Company v. Emerson*, supra; and *Bell v. Gray*, supra.

Our examination of the covered occupations as defined in the Wyoming Worker's Compensation statutes demonstrates that the legislature has not included agricultural or ranching enterprises within the coverage of this act. The exceptions for "ranching or agriculture" found in those statutory provisions dealing with teaming and truck driving and with motor delivery are consistent with the general legislative scheme. We conclude that our legislature decided to except the economically unique agricultural employers in Wyoming from required participation in the worker's compensation program because they were not in as good a position to pass on as readily the costs to an ultimate consumer, and frequently did not employ ranch hands on the same basis as employees in other commercial enterprises. We recognize a legitimate state objective with respect to (1) not imposing an additional expense upon Wyoming agricultural operations and (2) some practical difficulty in always identifying the work force. Michigan has recognized that the "economic uniqueness" of agricultural employers justifies exclusion of agricultural workers from

the worker's compensation scheme. *Eastway v. Eisenga*, 420 Mich. 410, 362 N.W.2d 684 (1984). Nebraska, likewise, has found a rational basis for such an exclusion based on possible political or social reasons. *Otto v. Hahn*, 209 Neb. 114, 306 N.W.2d 587 (1981). The United States Supreme Court has offered an additional justification:

> "[I]t reasonably may be considered that the risks inherent in these [agricultural and domestic] occupations are exceptionally patent, simple, and familiar. *Missouri, K. & T.R. Co. v. Cade*, 233 U.S. 642, 650, 58 L.Ed. 1135, 1137, 34 Sup.Ct. Rep. 678 [680], and cases there cited." *New York Central Railroad Company v. White*, 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667 (1917).

The exceptions of these activities from the statutory definitions are rationally related to a legitimate state objective. Even though such a plan may leave some employees outside the protection of the worker's compensation statutes, the legislature is authorized to address the question of compensation protection in a piecemeal fashion. *Mountain Fuel Supply Company v. Emerson*, supra, 578 P.2d at 1355, citing *Williamson v. Lee Optical of Oklahoma, Inc.*, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563, reh. denied 349 U.S. 925, 75 S.Ct. 657, 99 L.Ed. 1256 (1955).

This does not mean that employees who are injured by virtue of their employer's negligence are left without recourse. Because the worker's compensation statute does not apply they may bring an action for injuries or damages against their employer if the injuries are caused by the employer's negligence. We conclude that the agricultural exception contained in the provisions of § 27-12-106(a), W.S.1977, is constitutional as bearing a rational relationship to a legitimate state objective.

Finally, Baskin argues that he should be entitled to coverage because Hicklin Sod Farm was engaged in "power farming" operations. He argues that the provision in the worker's compensation statutes which allows those engaged in power farming to elect worker's compensation coverage violates the constitutional prohibition in the State of Wyoming against special

laws and that the constitutional provision making worker's compensation available for all extrahazardous employment should control.

The statutory provision which is involved in this contention is § 27–12–102(a)(xvi), W.S.1977, which provides that:

" 'Power farming' means a farm, livestock ranch or poultry farm which uses any power driven equipment such as a pickup, truck, feed grinder, stacking machinery, tractor, mower, baler or road grader, where one (1) or more employees or operators are regularly employed for an average of six (6) months each year, other than casual employees of the employer, if the employer elects to come under the provisions of this act by notifying the division of the election. Upon an election being made, the employer shall not withdraw for a period of five (5) years, and shall not withdraw at all if his account is overdrawn;"

Article 3, Section 27 of the Constitution of the State of Wyoming prohibits local or special laws in enumerated areas, and specifically provides that "[i]n all other cases where a general law can be made applicable no special law shall be enacted." Then Article 10, Section 4, of the Wyoming Constitution, provides:

" * * * As to all extrahazardous employments the legislature shall provide by law for the accumulation and maintenance of a fund or funds out of which shall be paid compensation as may be fixed by law according to proper classifications to each person injured in such employment or to the dependent families of such as die as the result of such injuries, except in cases of injuries due solely to the culpable negligence of the injured employee. Such fund or funds shall be accumulated, paid into the state treasury and maintained in such manner as may be provided by law. The right of each employee to compensation from such fund shall be in lieu of and shall take the place of any and all rights of action against any employer contributing as required by law to such fund in favor of any person or persons by reason of such injuries or death."

The essence of Baskin's contention is that the election for power farming provided by the statute results in worker's compensation participation being mandatory for some employers and elective for others. He claims that this result is contrary to the constitutional provision providing for our worker's compensation plan and also is a special law.

■ With respect Article 10, § 4 of the Constitution of the State of Wyoming, the legislature is given the authority to decide what employment shall be covered. *In re Trent's Claim,* supra. The logical conclusion of appellant's argument, however, is that there is no reasonable basis for singling out power farming for elective coverage. This amounts to an equal protection of the laws argument, and we have pointed out above that a rational basis exists for excepting agriculture from the requirements of worker's compensation. The rational basis for allowing those involved in power farming, which by its very nature is more likely to cause more severe injuries to workers than non-power agriculture, to choose between making contributions to the worker's compensation fund and being immune from tort suit or making no contributions and being subject to suit is as present as the rational basis for excepting from the other requirements of worker's compensation "ranching or agriculture". There is a legitimate objective to which the means adopted is rationally related.

■ We have said that Article 3, § 27, Constitution of the State of Wyoming, which prohibits special laws "means only that the statute must operate alike upon all persons in the same circumstances." *Meyer v. Kendig,* supra, 641 P.2d at 1240; and *Mountain Fuel Supply Company v. Emerson,* supra, 578 P.2d at 1356. The provision providing for the election operates in the same way as to all who are engaged in power farming. Employees whose employers have elected coverage will be covered, but in those instances where the employers have not elected coverage employees will be without coverage. Article 3, § 27, Constitution of the State of Wyoming requires no more than this. The

focus of the Wyoming worker's compensation scheme is to protect "contributing employers" from suit, *Parker v. Energy Development Company*, Wyo., 691 P.2d 981 (1984), and to make benefits available to "covered employees." *Baker v. Wendy's of Montana, Inc.*, Wyo., 687 P.2d 885 (1984). As we have pointed out previously if coverage is not available there is no immunity of the employer from suit, and an agricultural or ranching employee who has not been covered because of an employer's election pursuant to § 27–12–102(a)(xvi), W.S.1977, is not without remedy. Although not entitled to worker's compensation benefits, he can seek recovery from the employer if the employer's conduct was negligent and caused his injury. Unfortunately that does not appear to be the situation in Baskin's case, and if he cannot receive compensation without a showing of fault he probably recovers nothing.

We conclude that the district court correctly denied coverage because of the patent applicability of the statute which we hold to be constitutional. The judgment of the district court denying worker's compensation benefits is affirmed.