In the Matter of the Worker's Compensation Claim of Samuel GONZALES, Appellant (Employee–Claimant),

v.

GRASS VALLEY MOBILE HOME PARK, Appellee (Employer-Respondent),

v.

STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Objector-Defendant).

No. 95–236.

Supreme Court of Wyoming.

Feb. 28, 1997.

Sharon M. Rose of Vehar, Beppler, Lavery & Rose, P.C., Evanston, for Appellant.

John C. Phillips of Phillips Law Offices, Evanston, for Appellee Grass Valley Mobile Home Park.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; Jennifer A. Evans, Assistant Attorney General, Cheyenne; and Mark W. Harris, Special Assistant Attorney General, Evanston, for Appellee State ex rel. Wyoming Workers' Compensation Division.

Before TAYLOR, C.J.,* and THOMAS, MACY, and LEHMAN, JJ., and KAUTZ, D.J.

KAUTZ, District Judge.

Appellant applied for worker's compensation benefits. The Office of Administrative Hearings ruled that appellant's employment was not covered by worker's compensation, and denied benefits. Appellant sought review in the district court which certified the case to this court. We find the administrative hearing examiner's decision supported by substantial evidence and in accordance with law, and affirm.

## I. ISSUES

Appellant, Samuel Gonzales (Gonzales), presents these issues:

A. Was Employee/Claimant involved in an extrahazardous employment covered under the Workers' Compensation Act at the time he suffered an on the job injury?

B. Is the denial of worker's compensation benefits to the appellant a violation of his rights to equal protection and substantive due process?

## II. FACTS

The parties stipulated to the facts as follows. Grass Valley Mobile Home Park and Meadow Vista Mobile Home Park (Mobile Home Parks) located in the Evanston, Wyoming area rented lots to individuals who placed their own mobile homes on lots and rented to individuals several mobile homes owned by the Mobile Home Parks and situated on their lots. In either case, the Mobile Home Parks did not rent to transient tenants.

The Mobile Home Parks hired helpers to perform maintenance of the common areas of the Mobile Home Parks, including spraying weeds, mowing lawns, repairing fences, and hauling garbage. The helpers also per-

---

* Chief Justice effective 7/1/96.

formed work on the Mobile Home Parks to make the lots suitable for mobile home placement and hookup. In addition, the helpers performed basic cleaning, repair and remodeling work in the Mobile Home Parks' rentals consisting of hooking up plumbing, removing and replacing vinyl and carpeting, putting up paneling, thawing frozen pipes, and repairing any other problems that arose in the rental units. When mobile homes were moved onto or off the lots, the helpers performed the set-up work, including using hydraulic jacks to set the mobile home on concrete blocks, removing the axles, insulating and skirting the mobile home.

Gonzales was employed as a helper by Grass Valley Mobile Home Park (Grass Valley). His primary responsibilities were the maintenance of the common areas, repair and remodeling of the mobile home rentals, and assistance in the set up of mobile homes as they were moved onto the lots. On October 31, 1994, Gonzales was assigned to skirt a mobile home that had recently been moved onto a lot in Grass Valley. He suffered injury when he fell backwards over an axle which had previously been removed from the mobile home by another employee.

## III. STANDARD OF REVIEW

■ This appeal challenges the conclusions of law reached by the administrative hearing examiner. "Conclusions of law of an administrative agency are affirmed if they are found to be in accordance with law." *Matter of Corman,* 909 P.2d 966, 970 (Wyo. 1996). "When we review an agency's conclusions of law, we correct its errors 'if the "correct rule of law has not been invoked and correctly applied." ' " *Matter of Gneiting,* 897 P.2d 1306, 1308 (Wyo.1995) (*quoting Thunder Basin Coal Co. v. Study,* 866 P.2d 1288, 1291 (Wyo.1994)).

Gonzales also raises a constitutional (equal protection/due process) issue which was not decided by the administrative hearing examiner. The Wyoming Administrative Procedure Act directs the reviewing court "[t]o the extent necessary to make a decision and when presented, the * * * court shall * * * interpret constitutional and statutory provisions * * *." Wyo. Stat. § 16–3–114(c) (1990).

## IV. DISCUSSION

### A. EXTRAHAZARDOUS EMPLOYMENT

■ The Wyoming Constitution requires worker's compensation coverage for employees who work in "extrahazardous employment." Wyo. Const. art. 10, § 4. To apply this provision, "the legislature is given the authority to decide what employment shall be covered." *Baskin v. State ex rel. Worker's Compensation Div.,* 722 P.2d 151, 157 (Wyo. 1986).

The legislature specifically defined extrahazardous employment in Wyo. Stat. § 27–14–108 (Cum.Supp.1994). That statute lists classifications of industries where all employees are considered working in extrahazardous employment, regardless of their individual occupations, in subsection (a). It lists specific individual occupations or activities which are considered extrahazardous in subsection (c).

Wyo. Stat.. § 27–14–108(h) lists industries which are excluded from worker's compensation coverage. In other words, the legislature has determined that certain industries do not constitute extrahazardous employment. Wyo. Stat. § 27–14–108(h)(v)(F) states:

(h) Notwithstanding subsection (c) of this section, the following industries are excluded from coverage under this act, unless an election of coverage is made * * *:

\* \* \* \* \* \*

(v) * * *

(F) Major group 65, real estate[.]

"Major group 65, real estate" is defined by the Standard Industrial Classification Manual to include "[e]stablishments primarily engaged in the operation of residential mobile home sites."

The administrative hearing examiner found that Grass Valley was primarily engaged in the operation of residential mobile home sites. Gonzales does not challenge this finding. Rather, Gonzales argues that Grass Valley had other "phases" of its business

which were not excluded from the statutory definition of extrahazardous employment.

Gonzales asserts that his duties made him a janitor, grounds keeper, maintenance worker, construction worker, and building services worker, in addition to leasing or operating mobile home sites. Each of these occupations may be seen as extrahazardous employment under Wyo. Stat. § 27–14–108(d). Gonzales claims, then, that these "phases" of his work were extrahazardous under Wyo. Stat. § 27–14–108(d) even though his employer's business was excluded from mandatory worker's compensation under Wyo. Stat. § 27–14–108(h)(v)(F).

■ As a general rule, "if the employer does not engage in extrahazardous activities, then whether the individual employee's activities are hazardous in nature is not material * * *." *Baskin,* 722 P.2d at 154 (*citing Randell v. Wyoming State Treasurer ex rel. Wyoming Worker's Compensation Div.,* 671 P.2d 303 (Wyo.1983) and 1C Larsen, *Law of Workmen's Compensation,* § 55.41 at 9–235 (1982)). The administrative hearing examiner applied this general rule to conclude that Wyo. Stat. § 27–14–108(c) applies only where the "employer's business is not specifically listed as covered under subsection (a) and not listed as exempt under subsection (h) * * *."

The administrative hearing examiner correctly interpreted and applied Wyo. Stat. § 27–14–108 to the facts of this case. Wyo. Stat. § 27–14–108(c) applies only where subsection (a) does not require all employees of an industry to be covered by worker's compensation, and where subsection (h) does not exempt all employees of an industry from coverage. Gonzales' interpretation is that Wyo. Stat. § 27–14–108(c) controls even in industries which fall under subsections (a) and (h). This approach would make subsections (a) and (h) meaningless and would eliminate the long-standing rule that the nature of the employer's business is the first factor considered in determining whether an occupation is extrahazardous.

Grass Valley, as the operator of a mobile home park, along with Gonzales and its other employees, are excluded from mandatory worker's compensation coverage under Wyo. Stat. § 27–14–108(h)(v)(F).

## B. EQUAL PROTECTION

■ Gonzales asserts he was denied equal protection or due process under the Wyoming Constitution[1] if janitors or maintenance workers in some other industry are covered under worker's compensation, but he is not because he works for a mobile home park. In effect, Gonzales argues that the exemption from worker's compensation coverage for the mobile home park industry is an unconstitutional classification of persons.

■ " 'One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.' " *Baskin,* 722 P.2d at 155 (*quoting In re Trent's Claim,* 68 Wyo. 146, 231 P.2d 180, 185 (1951), *overruled sub nom. Bowers v. Wyoming State Treasurer ex rel. Workmen's Compensation Division,* 593 P.2d 182 (Wyo. 1979)). "[S]tatutes are presumed to be constitutional, and one who denies the constitutionality of a statute must establish that unconstitutionality." *Id.*

Wyoming's legislature determined that some industries had such significant risk for employees that worker's compensation should be mandatory, and that the risk did not justify the additional cost for other industries. It is reasonable to consider that the mobile home park business has minimal risks to employees, and that the risks are " 'exceptionally patent, simple, and familiar.' " *Bas-*

1. Gonzales cites only Wyo. Const. art. 1, §§ 3 and 7 in support of this argument. Those sections provide:

**§ 3. Equal political rights.**
Since equality in the enjoyment of natural and civil rights is only made sure through political equality, the laws of this state affecting the political rights and privileges of its citizens shall be without distinction of race, color, sex, or any circumstance or condition whatsoever other than individual incompetency, or unworthiness duly ascertained by a court of competent jurisdiction.

**§ 7. No absolute, arbitrary power.**
Absolute, arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic, not even in the largest majority.

*kin,* 722 P.2d at 156 (*quoting New York Cent. R. Co. v. White,* 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667 (1917)).   A state has a legitimate interest in and a rational basis for excluding an industry from worker's compensation coverage in such a situation.   *Baskin,* 722 P.2d at 156.

Gonzales failed to show that the statutory classification which exempts mobile home parks from mandatory worker's compensation coverage is arbitrary.   We hold that this classification has a reasonable relationship to a legitimate state interest, and is not a violation of due process.

### V.  CONCLUSION

The administrative hearing examiner correctly determined that Gonzales' occupation was not covered by worker's compensation. The classifications in Wyo. Stat. § 27–14–108(h) as applied to this case have a reasonable connection to legitimate state interests and do not deny Gonzales due process or equal protection.   The administrative hearing examiner's decision is affirmed.