2002 WY 13

**Sheldon FRANKEL, Appellant (Plaintiff),**

v.

**The BOARD OF COUNTY COMMISSIONERS OF TETON COUNTY WYOMING, Appellee (Defendant).**

No. 00–311.

Supreme Court of Wyoming.

Jan. 29, 2002.

Lawrence B. Hartnett and Jessica Rutzick of the Law Offices of Lawrence B. Hartnett, Jackson, Wyoming. Argument by Ms. Rutzick, Representing Appellant.

Stephen Weichman, Teton County Attorney; James L. Radda, Deputy Teton County Attorney; and Brian Hultman, Deputy Teton County Attorney. Argument by Mr. Weichman, Representing Appellee.

Before GOLDEN, HILL, KITE, and VOIGT, JJ; and JOHN C. BROOKS, DJ.

HILL, Justice.

[¶ 1] Appellant, Sheldon Frankel (Frankel), asks that we review a decision of the Appellee, Board of County Commissioners of Teton County (Board), which denied his application for a grading and erosion control permit. Frankel contends that, in denying his application, the Board erred in considering regulations pertaining to land development, rather than just those pertaining to a grading and erosion control permit. The Board considered its skylining regulations, apparently because the grading and erosion control permit was an application to build a driveway to a proposed home site. The sky-lining regulations limit construction along a ridgeline that is visible from certain roadways in Teton County, *i.e.*, the home may not be built into the skyline. The Board determined that there was an "alternative site" on Frankel's property where a home could be built without invading the skyline.

[¶ 2] Frankel contends there is not substantial evidence to support that finding. Frankel also contends that the Board inappropriately relied upon opinion testimony from interested parties and factors unrelated to the decision at hand, and that these errors render the Board's decision arbitrary and capricious, as well as a violation of his rights to due process of law. Frankel asserts that the Board has made exceptions to the skylining regulations in other cases and that he is the victim of unequal or disparate treatment. Continuing, Frankel contends the skylining regulation is void for vagueness, and that the Board violated his due process rights by not affording the full protections required under his right to have a contested case hearing. Frankel filed a petition for review in the district court in accordance with W.R.A.P. 12.03, and the district court certified the matter to this Court under W.R.A.P. 12.09(b).

[¶ 3] We agree that the Board failed to follow required procedures in resolving this matter and, therefore, we will reverse.

## ISSUES

[¶ 4] Frankel supplies this statement of the issues:

1. In making its decision to deny [Frankel's] application for a grading and erosion control permit, the [Board] considered regulatory guidelines pertaining to land development regulations, but ignored the regulatory guidelines which pertain to grading and erosion control. Does the application of inappropriate regulatory guidelines render the [Board's] decision arbitrary and capricious and therefore violative of [Frankel's] due process rights?

2. The skylining regulation upon which the [Board] relied in denying [Frankel's] application for a grading and erosion control permit on Lot 55 prohibits construc-

tion along a ridgeline if an "alternative site" exists on the property. There is no evidence in the record or applicable regulations defining "alternative site" or indicating whether an alternative site exists on Lot 55. Does the [Board's] failure to create a record supporting the conclusion that an "alternative site" exists on Lot 55 which is unsupported by substantial evidence render the final decision arbitrary and capricious and therefore violative of [Frankel's] due process rights?

3. In making its decision to deny [Frankel's] application for a grading and erosion control permit, the [Board] inappropriately relied upon opinion testimony of interested parties and factors unrelated to the guidelines set forth in the Teton County Land Development Regulations. Does this render the [Board's] decision to deny [Frankel's] application for a grading and erosion control permit arbitrary and capricious and therefore violative of [Frankel's] due process rights?

4. The [Board] has permitted construction of skylining residences to property owners similarly situated to [Frankel], including the property located directly adjacent to [Frankel's] property. Does the unequal treatment of similarly situated property owners render the [Board's] decision arbitrary and capricious and therefore violative of [Frankel's] due process rights?

5. Is the skylining regulation upon which the [Board] relied in denying [Frankel's] application for a grading and erosion control permit void for vagueness?

6. Did the [Board] violate [Frankel's] right to due process by failing to conduct a contested case hearing pursuant to the Wyoming Administrative Procedure Act?

The Board styles the issues in this manner:

A. The Board's decision was made in accordance with the Wyoming Administrative Procedure Act in each of the following ways:

1. Substantial evidence supports the Board's finding that [Frankel's] lot has an

alternate site for a residence that would not penetrate the skyline.

2. The [Board] correctly applied skylining regulations to [Frankel's] application for a grading and erosion control permit; the other issues raised by [Frankel] are either premature or raised for the first time on appeal.

3. There is no reasonable basis to support the claim that the Board relied on inappropriate or inadmissible evidence.

4. The Board's application of skylining regulations to [Frankel's] application for a grading and erosion control permit was fair and reasonable since the very purpose of the permit was to provide access to a home that [Frankel] wanted to build on the ridgeline.

5. There is no basis in the record to support the claim that [the Board] has treated similarly situated property owners differently than its treatment of [Frankel] in violation of equal protection.

B. There was no denial of procedural rights afforded to [Frankel] by the Wyoming Administrative Procedure Act.

C. The skylining regulation is not void for vagueness.

## FACTS

[¶ 5] We will provide only a brief overview of the facts because our disposition does not rely on what little factual material is contained in the record available for judicial review. In October of 1999, Frankel purchased the property at issue in this case with the intent that he would build a 10,000 square foot home[1] on the ridge that ran through the lot. That location would have allowed Frankel to maximize the size of the home to be built, whereas other locations on the lot may have permitted only the construction of a home of considerably smaller size (only 6,000–8,000 square feet). Frankel had made informal inquiries of Teton County Planning personnel to determine if he could build a house on the ridgeline, and the preliminary inquiries led him to believe that he

1. The covenants governing the subdivision limited home size to a maximum of 10,000 square feet.

could build just such a home. Of perhaps greater importance, the location on the ridgeline provided spectacular views of the Tetons, including the Grand Teton. Other locations on the lot did not afford Frankel that same view. Of course, an important factor with respect to the view is that it was "a million dollar view," both figuratively and literally.

[¶ 6] In March 2000, Frankel submitted an application for a grading and erosion control permit to the Teton County Planning Department. The purpose of that permit would have been to allow Frankel to build a driveway beginning at the cul-de-sac at the lower elevation of the lot and ascending to the ridgeline of the lot. Based on the record extant, the purpose of the driveway obviously was to gain access to a home site where Frankel wanted to build a home on the ridgeline location. On March 24, 2000, the Teton County Planning Department denied Frankel's application for the permit, basing their denial on a matter seemingly unrelated to the matter of grading and erosion control, to-wit:

### SKYLINE DEVELOPMENT STANDARDS

. . . .

**A. Skyline penetration prohibited.** Development shall not penetrate the Skyline on buttes and hillsides, as viewed from any public road, except in the case of an existing lot where there is no other siting alternative that complies with the standards of these Land Development Regulations.

[¶ 7] Further regulations set out mitigation efforts required where skyline penetration is necessary. Frankel considered that the rejection of his application for a grading and erosion control permit on that basis to be improper because he had not submitted plans to build a home. On the other hand, some of the materials submitted by Frankel made it clear that the building of the driveway was the first step in his plans to build just such a home. Frankel appealed that decision to the Board and by order signed on August 15, 2000, the Board upheld the planning department's denial of his permit application.

### STANDARD OF REVIEW

[¶ 8] Our review is governed by Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2001):

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

### DISCUSSION

[¶ 9] To the extent Frankel has challenged Teton County's skylining regulations as facially unconstitutional, that issue may not be raised before the Board. Should Frankel choose to further pursue that issue, it must be brought in the district court as a declaratory judgment action. *In re Conflicting Lease Application for Wyoming Agr. Lease No. 1–7027*, 972 P.2d 586 (Wyo.1999).

[¶ 10] What we are able to glean from the record is that Frankel submitted an application for a grading and erosion control permit, and the application was denied because the Board determined that Frankel's

proposed home would violate the skylining regulations, and he had an alternative building site on his lot. Frankel argued that the skylining regulations should not have been applied to his grading permit. Irrespective of the fact that Frankel himself sought approval of the ultimate building site through the submittal of the grading permit, the only logical conclusion that can be reached after a review of the Land Development Regulations is: It is appropriate and sensible to determine at the earliest stage possible whether a building site is acceptable before substantial time and effort are expended designing a residence in a particular location, so later that location will not be deemed unacceptable because the residence violates the skylining prohibition. The skylining regulation applies to all "development," and the grading permit is a "development permit" within the meaning of the regulations. On remand, the county commission must determine whether the requirements of the skylining regulation can be met if the residence intended to be accessed by the proposed driveway is constructed at the location proposed.

[¶ 11] It also seems clear that Frankel acquiesced in the proceedings that the Board conducted and sought review only once the result was contrary to his hopes. Nonetheless, in conducting a contested case hearing, it is the Board which must conform its proceedings to the governing law. *See* Wyo. Stat. Ann. §§ 16–3–107 through –112 (LexisNexis 2001). All involved agreed that this matter constituted a contested case. Yet, the hearing was conducted as a legislative hearing without sworn testimony or examination and cross examination and even included consideration of random comments from the public. In addition, the record is incomplete and sketchy and even devoid of such essential facts as evidence of proper notice as required by statute, consideration and disposition of an alleged request for rehearing, and identification of some of the witnesses providing "testimony." The record contains only limited excerpts from the county's regulations. Apparently, § 5120 constitutes the county's rules of practice and procedure governing contested cases as required by Wyo. Stat. Ann. § 16–3–102(a) (LexisNexis 2001). The confusion inherent in this case

likely stems from the failure of these regulations to clarify that participants in contested cases, such as the appeal of the planning director's denial of a development permit, are entitled to discovery, cross-examination, and other procedures appropriate to a trial-type hearing. Wyo. Stat. Ann. §§ 16–3–108 through –112 (LexisNexis 2001); *Scarlett v. Town Council, Town of Jackson, Teton County,* 463 P.2d 26 (Wyo.1969). Failure to follow such procedures resulted in a record, which is so inadequate that this Court is unable to conduct any meaningful review. In matters as important as the approval or disapproval of the use of a person's property, it is critical that all parties know the procedures in advance and that those procedures insure a fair and careful consideration of all the evidence.

[¶ 12] Likewise deficient is the final order, which fails to contain a "concise and explicit statement of the underlying facts supporting the findings," as required by Wyo. Stat. Ann. § 16–3–110 (LexisNexis 2001). In fact, the final order contains only one finding of fact related to the matter in controversy, which states simply that the County Engineering Department "determined that other siting alternatives exist for the location of a residence on Appellant's lot that will not result in the residence penetrating the skyline on the West Gros Ventre Butte." Leaving aside the question of whether substantial evidence existed in the record to support such a finding, it fails to provide such obvious underlying facts as where this site is located, what size house could reasonably be constructed on such site, and whether such a house could in fact be built there in light of other requirements of the Land Development Regulations. In addition, no findings are made by the county commission with regard to these facts. We are left with no option but to remand this matter back to the county commission with the direction that an appropriate, trial-type hearing be conducted in this contested case, and that full and complete findings of fact be made which may be reviewed by this Court.

## CONCLUSION

[¶ 13] Here, the record is so deficient and in such a state of confusion that we are

unable to perform our duty in passing on errors raised and in reviewing the order issued by the Board. *Gillis v. F & A Enterprises,* 813 P.2d 1304, 1308 (Wyo.1991). For this reason, the matter is remanded to the district court with directions that it be further remanded to the Board for further proceedings, which shall begin anew.