2004 WY 92

**In the Matter of the Worker's Compensation Claim of Abel TORRES, Appellant (Employee/Claimant),**

**v.**

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Objector/Defendant).**

No. 03–152.

Supreme Court of Wyoming.

Aug. 12, 2004.

Representing Appellant: Mike Cornia, Evanston, Wyoming.

Representing Appellee: Patrick J. Crank, Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; and Michael S. Hill, Assistant Attorney General, Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1]   An injured worker was denied worker's compensation benefits because he was not "authorized to work by the United States department of justice," as required by state statute.  Wyo. Stat. Ann. § 27–14–102(a)(vii) (LexisNexis 2001).   The district court af-

firmed the Wyoming Workers' Safety and Compensation Division's (the Division) denial of benefits and the worker appealed. We dismiss the appeal because the constitutionality of a statute may not be raised in the direct appeal of an administrative agency decision.

## ISSUES

[¶ 2]   The issues presented by the parties are as follows:

1.   May the appellant challenge the constitutionality of Wyo. Stat. Ann. § 27–14–102(a)(vii) in an appeal of an administrative agency action?

2.   Does Wyo. Stat. Ann. § 27–14–102(a)(vii) violate the equal protection guarantees of the Wyoming Constitution?

3.   Does Wyo. Stat. Ann. § 27–14–102(a)(vii) violate the equal protection guarantees of the Fourteenth Amendment to the United States Constitution?

4.   Does Wyo. Stat. Ann. § 27–14–102(a)(vii) violate the supremacy clause of the United States Constitution?

## FACTS

[¶ 3]   While employed by Sims Industrial Services as a semi-skilled laborer, Abel Torres (the appellant) suffered a work-related injury. The Division determined the injury to be compensable and approved temporary total disability payments. Subsequently, however, payments were discontinued when the Division learned that the social security number given by the appellant did not "match" his name and that he was not authorized to work in the United States.[1] That determination was upheld after a hearing before the Office of Administrative Hearings. The hearing examiner concluded that the appellant was not an employee as defined by Wyoming statute, but reserved ruling on the constitutional issues raised by the appellant.

[¶ 4]   The appellant filed a petition for review in the district court in which he challenged the constitutionality of Wyo. Stat. Ann. § 27–14–102(a)(vii), which states:

> "Employee" means any person engaged in any extrahazardous employment under any appointment, contract of hire or apprenticeship, express or implied, oral or written, and includes legally employed minors and *aliens authorized to work by the United States department of justice, immigration and naturalization service.*

(Emphasis added.) The district court affirmed the decision of the Office of Administrative Hearings "for the reasons set forth in the Respondent's Brief." Unfortunately, the Respondent's Brief is not contained in the record before this Court, leaving us to speculate as to what reasons were set forth therein.

## DISCUSSION

[¶ 5]   The hearing examiner reached two conclusions that formed the gist of his decision. First, citing *V–1 Oil Co. v. State*, 934 P.2d 740, 743 (Wyo.1997), the hearing examiner concluded that his office did not have the authority to rule on matters of constitutional law. Second, he concluded that the appellant was not an "employee" for purposes of the worker's compensation statutes. We presume these conclusions are what the district court affirmed.

[¶ 6]   We will dismiss this appeal because neither the district court nor this Court has the authority in an administrative agency appeal to address a petition for review regarding the constitutionality of a statute. Rather, the correct course is an independent action for declaratory judgment.[2] *In re Conflicting Lease Application for Wyoming Agr. Lease No. 1–7027*, 972 P.2d 586, 586–88 (Wyo.1999). *See also Frankel v. Board of County Com'rs of Teton County,*

---

1.   The appellant has admitted that he is an "illegal alien" and that he was using a "false" social security number.

2.   *See* W.R.A.P. 12.12, which states:

The relief, review, or redress available in suits for injunction against agency action or enforcement, in actions for recovery of money,

in actions for a declaratory judgment based on agency action or inaction, in actions seeking any common law writ to compel, review or restrain agency action shall be available by independent action notwithstanding any petition for review.

*Wyoming,* 2002 WY 13, ¶ 9, 39 P.3d 420, 423 (Wyo.2002); *Disciplinary Matter of Billings,* 2001 WY 81, ¶ 41, 30 P.3d 557, 572 (Wyo. 2001); *Dorr v. Wyoming Bd. of Certified Public Accountants,* 2001 WY 37, ¶ 13, 21 P.3d 735, 742 (Wyo.2001); *In re Worker's Compensation Claim of Shryack,* 3 P.3d 850, 856 (Wyo.2000); and *In re Worker's Compensation Claim of Keck,* 985 P.2d 430, 433 (Wyo.1999).

[¶ 7] The appellant cites several Wyoming cases in which this Court considered, in an appeal of administrative agency action, the constitutionality of a statute. We note, however, that those cases either preceded our clear holding to the contrary in *In re Conflicting Lease Application for Wyoming Agr. Lease No. 1–7027,* or the question of whether the constitutional issue was appropriate was not directly raised, or both. At any rate, to the extent that the following cases may be read as being inconsistent with the rule espoused in the present case, they are overruled: *In re Wright,* 983 P.2d 1227, 1232 (Wyo.1999); *In re Pohl,* 980 P.2d 816, 819 (Wyo.1999); *Gonzales v. Grass Valley Mobile Home Park,* 933 P.2d 484, 487–88 (Wyo.1997); *Frantz v. Campbell County Memorial Hosp.,* 932 P.2d 750, 752–54 (Wyo. 1997); *Hays v. State ex rel. Wyoming Workers' Compensation Div.,* 768 P.2d 11, 15–16 (Wyo.1989); *Paravecchio v. Memorial Hosp. of Laramie County,* 742 P.2d 1276, 1282–83 (Wyo.1987), *cert. denied,* 485 U.S. 915, 108 S.Ct. 1088, 99 L.Ed.2d 249 (1988); *Baskin v. State ex rel. Worker's Compensation Div.,* 722 P.2d 151, 155–56 (Wyo.1986); *Armed Forces Co-op. Insuring Ass'n v. Department of Ins.,* 622 P.2d 1318, 1332–33 (Wyo.1980); *Belco Petroleum Corp. v. State Bd. of Equalization,* 587 P.2d 204, 214 (Wyo.1978).[3]

▮ [¶ 8] Wyo. Stat. Ann. § 16–3–114 (LexisNexis 2003) defines the limits of judicial review of administrative agency action. *Johnson v. Schrader,* 507 P.2d 814, 817 (Wyo. 1973). W.R.A.P. 12 does not modify or repeal the statute, but implements it by adopting procedures for such judicial review. *Bruegman v. Johnson Ranches, Inc.,* 520 P.2d 489, 491 (Wyo.1974); *Johnson,* 507 P.2d at 817. Administrative agencies have no authority to determine the constitutionality of a statute, and thus, on appeal of agency action, neither the district court nor this Court has jurisdiction to consider the issue. However, the right to pursue the constitutionality of the statute under which the agency acts is preserved in W.R.A.P. 12.12 via the declaratory judgment action. *In re Conflicting Lease Application for Wyoming Agr. Lease No. 1–7027,* 972 P.2d at 587.

[¶ 9] Appeal dismissed.

---

**3.** We further note that *In re Wright,* 983 P.2d at 1232, and *In re Pohl,* 980 P.2d at 819, the only two listed cases that were decided after *In re Conflicting Lease Application for Wyoming Agr. Lease No. 1–7027,* are also distinguishable in that *Wright* involved an attempt to avoid waiver by transforming a procedural objection into a constitutional issue, and *Pohl* involved a question of subject matter jurisdiction, rather than the constitutionality of the statute underlying agency action.