2007 WY 132

**Gary W. VOLLAN, Appellant**
**(Defendant),**

v.

**WYOMING BOARD OF DENTAL**
**EXAMINERS, Appellee**
**(Plaintiff).**

No. 06–275.

Supreme Court of Wyoming.

Aug. 16, 2007.

Representing Appellant: W. Keith Goody of Alpine, Wyoming.

Representing Appellee: Patrick J. Crank, Attorney General; Michael L. Hubbard, Deputy Attorney General; Ryan Schelhaas, Senior Assistant Attorney General; and Kennard F. Nelson, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] The district court granted a summary judgment in favor of the Wyoming Board of Dental Examiners (the Board) against the appellant, Gary Vollan. The appellant now appeals, arguing that his denturist practice in Basin, Wyoming, is not conducted in violation of Wyoming statutes barring individuals from practicing dentistry without a license. We affirm.

## FACTS

[¶ 2] The appellant is a denturist. In his words, this practice involves

> provid[ing] denture care directly on the patient. I do a health questionnaire with the patient. I do an oral exam, recognizing healthy tissue, making sure that everything looks healthy before I start procedures. If something doesn't look healthy, then I refer the patient to either a dentist or an oral surgeon or a medical doctor.
> ....
> [M]y services include complete dentures.... I take the impressions and I fabricate the denture. I fit the denture.

The appellant also later adjusts dentures for his patients.

[¶ 3] On September 9, 2005, the Board filed the complaint in the instant action seeking to enjoin the appellant from practicing as a denturist under the theory that such practice constituted the practice of dentistry under Wyo. Stat. Ann. § 33–15–114 (LexisNexis 2007) without a license in violation of Wyo. Stat. Ann. § 33–15–124 (LexisNexis 2007).

[¶ 4] The district court granted a summary judgment in favor of the Board, finding that there was no dispute regarding the material facts and that the appellant was practicing dentistry without a license as a matter of law. This appeal followed.

## STANDARD OF REVIEW

[¶ 5] Where an appellant challenges the district court's grant of a summary judgment, we apply the following standard of review:

> Summary judgment is appropriate when no genuine issue as to any material fact exists and the prevailing party is entitled to have a judgment as a matter of law. *Eklund v. PRI Environmental, Inc.,* 2001 WY 55, ¶ 10, 25 P.3d 511, ¶ 10 (Wyo. 2001); *see also* W.R.C.P. 56(c). A genuine issue of material fact exists when a disputed fact, if it were proven, would have the effect of establishing or refuting an essential element of the cause of action or defense that has been asserted by the parties. *Williams Gas Processing–Wamsutter Co. v. Union Pacific Resources Co.,* 2001 WY 57, ¶ 11, 25 P.3d 1064, ¶ 11 (Wyo.2001). We examine the record from the vantage point most favorable to the party who opposed the motion, and we give that party the benefit of all favorable inferences that may fairly be drawn from the record. *Id.* We evaluate the propriety of a summary judgment by employing the same standards and by using the same materials as were employed and used by the lower court. *Scherer Constr., LLC v. Hedquist Constr., Inc.,* 2001 WY 23, ¶ 15, 18 P.3d 645, ¶ 15 (Wyo.2001). We do not accord any deference to the district court's decisions on issues of law. *Id.*

*Trabing v. Kinko's, Inc.,* 2002 WY 171, ¶ 8, 57 P.3d 1248, 1252 (Wyo.2002).

## DISCUSSION

[¶ 6] Wyo. Stat. Ann. § 33–15–114 provides, in pertinent part:

(a) Except as provided by paragraph (xii) of this subsection, any person is deemed to be practicing dentistry within the meaning of this act:

. . . .

(iii) Who directly or indirectly by any means or method furnishes, supplies, constructs, reproduces or repairs any prosthetic denture, bridge, appliance or other structure to be worn in the human mouth, or places such appliance or structure in the human mouth or attempts to adjust the same;

. . . .

(xii) A dental laboratory or dental technician is not practicing dentistry within the meaning of this act when engaged in the construction, making, alteration or repairing of bridges, crowns, dentures or other prosthetic or surgical appliances, or orthodontic appliances if the casts or molds or impressions upon which the work is constructed have been made by a regularly licensed and practicing dentist, and if all crowns, bridges, dentures or prosthetic appliances, surgical appliances or orthodontic appliances are returned to the dentist upon whose order the work is constructed.

Wyo. Stat. Ann. § 33–15–128(a)(ii) (Lexis-Nexis 2007) further defines "dentistry" as "the healing art practiced by a dentist which is concerned with the examination, diagnosis, treatment, planning and care of conditions within the human oral cavity and its adjacent tissues and structures[.]"

[¶ 7] The thrust of the appellant's argument is that his practice as a denturist does not violate Wyoming law because he is not engaged in a "healing art." The appellant argues that he is involved in the "mechanical task" of creating a prosthetic, not in curing disease. He then points us to previous cases in which we have discussed the legislature's intent that medical licensing statutes protect the public from untrained and unskilled individuals practicing "any healing art." *See Paravecchio v. Memorial Hosp. of Laramie Co.,* 742 P.2d 1276, 1281 (Wyo.1987), *overruled in part on other grounds by Torres v. State ex rel. Wyo. Workers' Safety & Comp. Div.,* 2004 WY 92, 95 P.3d 794 (Wyo.2004); *Hahn v. State,* 78 Wyo. 258, 269–70, 322 P.2d 896, 900 (1958); *State v. Catellier,* 63 Wyo. 123, 164–65, 179 P.2d 203, 218 (1947).

[¶ 8] The appellant's reliance on the above-referenced cases is misplaced, however, because his argument ignores the fact that his denturist practice violates the clear language of Wyo. Stat. Ann. § 33–15–114. *See supra* ¶ 7. As noted above, the appellant admits that he personally examines his customers, creates their dentures, and later adjusts those dentures, if necessary. *See supra* ¶ 2. Under Wyo. Stat. Ann. § 33–15–114(a)(iii) a person is deemed to be practicing dentistry if he or she creates oral prosthetics, places such prosthetics in the human mouth, or adjusts prosthetics after they have been placed in a mouth. Clearly, the appellant is practicing dentistry in multiple ways under the statute. Finally, the exception in subsection (a)(xii) does not apply to the appellant's practice because he admittedly does not create the oral prosthetics at the order of a licensed dentist.

[¶ 9] The district court's order granting the Board a summary judgment and enjoining the appellant from practicing dentistry without a license is affirmed.