2011 WY 148

**In the Matter of the Workers' Compensation Claim of Timothy ARAGUZ, Appellant (Petitioner),**

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, and Wal–Mart Stores, Inc., Appellees (Respondents).**

**In the Matter of the Workers' Compensation Claim of James Elder, Appellant (Petitioner),**

v.

**State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division and Wal–Mart Stores, Inc., Appellees (Respondents).**

Nos. S–11–0029, S–11–0030.

Supreme Court of Wyoming.

Oct. 28, 2011.

Representing Appellants: Robert A. Nicholas, Nicholas & Crank, P.C., Cheyenne, Wyoming.

Representing Appellee Wyoming Workers' Safety & Compensation Division: Gregory A. Phillips, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; James Michael Causey, Senior Assistant Attorney General; Michael J. Finn, Senior Assistant Attorney General.

Representing Appellee Wal–Mart Stores, Inc.: John A. Sundahl, Sundahl, Powers, Kapp & Martin, LLC, Cheyenne, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1]   The appellants, Timothy Araguz and James Elder, were injured in separate incidents while working at the Wal–Mart Distribution Center (Distribution Center).   After receiving compensation through the Wal–Mart Plan, Wal–Mart's private workers' compensation fund, the appellants filed for benefits under the Wyoming Worker's Compensation Act (the Act).   The Wyoming Workers' Safety and Compensation Division (Division) denied their request and the Office of Administrative Hearings (OAH) confirmed that denial.   This Court finds that Wal–Mart was not engaged in extrahazardous employment as defined by the legislature and therefore the appellants were not entitled to workers' compensation benefits.   For that reason we will affirm.

### ISSUE

[¶ 2]   In granting summary judgment, did the OAH correctly rule that the appellants' claims were not covered by the Wyoming Worker's Compensation Act?

## FACTS

[¶ 3] In Wyoming, Wal–Mart employs 5,340 workers through the operation of ten Wal–Mart Supercenters, two Sam's Clubs, and one Distribution Center. Six hundred of those employees work at the Distribution Center. Wal–Mart's revenue is generated from retail operations conducted through the Supercenters and Sam's Clubs.

[¶ 4] The Distribution Center located west of Cheyenne is approximately one million square feet and supplies groceries to North Dakota, South Dakota, Montana, Colorado, and Wyoming. Between 130 and 140 semi-trucks arrive each day with perishable and nonperishable grocery items that will be warehoused at the facility pending delivery to the Wal–Mart Supercenters and Sam's Clubs throughout the five-state area. No goods are sold directly from the Distribution Center. The purpose of the Distribution Center is to serve the needs of the retail stores.

[¶ 5] The Wyoming Constitution requires that all businesses engaged in "extrahazardous employments" contribute to a state workers' compensation fund administered by the legislature. Wyo. Const. art. 10, § 4(c). For purposes of determining whether a business is required to participate in the workers' compensation fund, the Department of Employment assigns an industry classification code to every Wyoming business based on the employer's primary business and the definitions set out by the North American Industry Classification System (NAICS). The legislature has enumerated certain of these classifications as "extrahazardous employment." Wyo. Stat. Ann. § 27–14–108 (Lexis-Nexis 2011). Wal–Mart had been assigned code 452910, indicating "Warehouse Clubs and Supercenters." Because such classification was not defined by Wyoming statute as "extrahazardous," Wal–Mart was not required to participate in the state fund.

[¶ 6] Appellant Timothy Araguz was employed as a Reserve Stock Replenishment Driver (RSR Driver) at the Distribution Center. The RSR Driver operates a forklift to move pallets of groceries from the loading dock to tiered storage racks up to 20 feet above ground level. Araguz injured his back and shoulder while throwing pallets in the course of his employment.

[¶ 7] Appellant James Elder was employed as a Yard Driver at the Distribution Center. The Yard Driver hooks up trailers that have been detached from the semi-trucks to his yard tractor which he then drives to the warehouse dock for unloading. Elder was blown off an icy yard tractor as he was attaching a trailer to the yard tractor. His fall caused injuries to his back, hip, shoulder and ankle.

[¶ 8] Although Wal–Mart is not required to contribute to the Wyoming workers' compensation fund, Wal–Mart does maintain its own privately funded workers' compensation fund, the Wal–Mart Plan, for the benefit of its employees who are injured on the job. Both claimants reported their injuries to their respective supervisors and submitted injury reports in accordance with the requirements of the Wal–Mart Plan.

[¶ 9] Despite the fact that the appellants received benefits from Wal–Mart under the Wal–Mart Plan, both later filed a Report of Injury pursuant to the Act. In both cases the Division issued a Final Determination Regarding Compensability denying payment of benefits to the appellants because they were "not employed in an occupation requiring coverage." In response to the denials, the appellants requested a contested case hearing and the Division referred the request to the OAH.

[¶ 10] Prior to the hearing, the Division filed a motion for summary judgment asserting, *inter alia*, that the appellants were not covered by the Act. In response, the appellants filed a cross-motion for partial summary judgment arguing that the Division was required to assess the Distribution Center as an establishment separate from Wal–Mart's retail centers with a primary function of warehousing (an extrahazardous classification) and, therefore, that the appellants were covered by the Act. The OAH, agreeing with the Division and Wal–Mart, found that there were no genuine issues of material fact and that the Division's and Wal–Mart's motions for summary judgment should be granted. The district court certified to this Court the

question of whether the appellants should be classified as engaged in extrahazardous employment.

## STANDARD OF REVIEW

[¶ 11] "As always, we review an agency's conclusions of law *de novo,* and we will affirm an agency's legal conclusion only if it is in accordance with the law." *Dale v. S & S Builders, LLC,* 2008 WY 84, ¶ 26, 188 P.3d 554, 561–62 (Wyo.2008) (internal citations and quotations omitted).

[¶ 12] Review of administrative agency action granting summary judgment in workers' compensation cases will be governed by W.R.C.P. 56(c). *Chavez v. Mem'l Hosp. of Sweetwater Cnty.,* 2006 WY 82, ¶ 6, 138 P.3d 185, 188 (Wyo.2006).

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

W.R.C.P. 56(c). "The record is reviewed ... from the vantage point most favorable to the party who opposed the motion, and this Court will give that party the benefit of all favorable inferences that may fairly be drawn from the record." *Chavez,* 2006 WY 82, ¶ 6, 138 P.3d at 188.

## DISCUSSION

[¶ 13] On appeal, the appellants contend that the State's failure to provide benefits is unconstitutional and improper as a matter of law. Their constitutional argument is based on Wyo. Const. art. 10, § 4(c), which states, in part: "As to all extrahazardous employments the legislature shall provide by law for the accumulation and maintenance of a fund or funds out of which shall be paid compensation as may be fixed by law according to proper classifications to each person injured in such employment...." Citing that provision, the appellants argue that "the Wyoming Constitution requires that all workers who are required by their employer to perform extrahazardous work be covered by the ...

Act." This constitutional mandate has been violated, the appellants claim, by the Division's promulgation of rules that deny coverage to workers injured while performing extrahazardous work who are employed by an entity whose "primary business" is not classified as extrahazardous. Specifically, the appellants assert that "[a]s applied, the Rule creates arbitrary and disparate outcomes for maimed workers performing extrahazardous work for their employers.... Workers who perform the same extrahazardous work should be covered by the Act equally."

[¶ 14] We will not address the appellants' constitutional argument as this appeal is not an appropriate avenue for resolution of such an issue. *Williams v. Wyo. Workers' Safety & Comp. Div.,* 2009 WY 57, ¶ 18, 205 P.3d 1024, 1032–33 (Wyo.2009); *Shryack v. Carr Constr. Co. (In re Worker's Comp. Claim of Shryack),* 3 P.3d 850, 856–57 (Wyo.2000); *Riedel v. Anderson (In re Conflicting Lease Application),* 972 P.2d 586, 587–88 (Wyo.1999). "The proper avenue for challenging the constitutionality of a statute is an independent action for declaratory judgment pursuant to W.R.A.P. 12.12." *Williams,* 2009 WY 57, ¶ 18, 205 P.3d at 1032. W.R.A.P. 12.12 provides as follows:

> The relief, review, or redress available in suits for injunction against agency action or enforcement, in actions for recovery of money, in actions for a declaratory judgment based on agency action or inaction, in actions seeking any common law writ to compel, review or restrain agency action shall be available by independent action notwithstanding any petition for review.

This rule is rooted in the fact that administrative agencies do not have the authority to make decisions regarding the constitutionality of a statute, so an appeal of an agency decision necessarily cannot address constitutionality. *Torres v. State ex rel. Wyo. Workers' Safety & Comp. Div.,* 2004 WY 92, ¶ 8, 95 P.3d 794, 796 (Wyo.2004).

[¶ 15] We turn to the appellants' second argument. The appellants claim the Division incorrectly applied Wyo. Stat. Ann. § 27–14–108 (the statute outlining which employment is deemed extrahazardous) to Wal-

Mart. Specifically, the appellants assert that the Division's application of Wyo. Stat. Ann. § 27–14–108 is contrary to article 10, section 4, because article 10, section 4 requires that the classification be "proper." The appellants then suggest that the "proper" classification should be based on the activities of the employees, rather than the employer's primary business.

[¶ 16] As noted above, Wyo. Const. art. 10, § 4(c) requires establishment of a mandatory fund providing for compensation to workers injured in "extrahazardous employments." *See supra* ¶ 5. Pursuant to article 10, section 4(c), the legislature enacted Chapter 14, entitled Worker's Compensation, within Title 27, Labor and Employment. This chapter provides, in part, that the director of the Department of Employment "may adopt rules and regulations for administration of this act." Wyo. Stat. Ann. § 27–14–802(a) (LexisNexis 2011).

[¶ 17] Operating under this authority, the Division promulgated the following rule relating to the classification of Wyoming businesses:

> (a) Classification Procedures. The Division will assign an industrial classification or classifications pursuant to the North American Industry Classification System (NAICS) codes provided by the Federal Bureau of Labor Statistics.... The industrial classification(s) assigned will be that which best describes the ***primary business*** of the employer. Businesses conducted at one or more locations which normally prevail in the primary industrial classification ***will not be assigned separate classifications for supporting operations,*** with certain specific standard exceptions for clerical office occupations, inside sales occupations, outside sales occupations, or temporary help occupations.

Wyo. Rules & Regulations, Dep't of Employment Workers' Comp. Div., Ch. 2 § 4(a) (2011) (emphasis added). Despite the Division's adoption of the NAICS coding system, the emphasized language specifies that similarities with the NAICS system are limited to the coding scheme. NAICS provides that a company "may consist of more than one establishment" and that designation of an establishment to an industry classification will be based on the primary activity of the establishment. North American Industry Classification System, U.S. Census Bureau (2007). The rules promulgated by the Division, however, base such classification on the "primary business" of the employer and specifically indicate that separate operations "will not be assigned separate classifications." Wyo. Rules & Regulations, Dep't of Employment Workers' Comp. Div., Ch. 2 § 4(a) (2011). This language does not take into account the responsibilities and activities of the individual employee. In fact, such duties are specifically excluded by statute from the determination of the "primary business." The list of extrahazardous industries is preceded by language providing explicitly that such designation will be made "[r]egardless of individual occupation." Wyo. Stat. Ann. § 27–14–108(a)(ii) (LexisNexis 2011). Indeed, when applying this rule and statute, we have said: "[D]eterminations of whether an employee is or is not engaged in extrahazardous employment are made by reference to the employer's business." *Baskin v. State ex rel. Worker's Comp. Div.*, 722 P.2d 151, 154 (Wyo.1986), *overruled in part on other grounds by Torres*, 2004 WY 92, ¶ 7, 95 P.3d at 796. Additionally, "if the employer does not engage in extrahazardous activities, then whether the individual employee's activities are hazardous in nature is not material[.]" *Gonzales v. Grass Valley Mobile Home Park*, 933 P.2d 484, 487 (Wyo.1997), *overruled in part on other grounds by Torres*, 2004 WY 92, ¶ 7, 95 P.3d at 796 (quoting *Baskin*, 722 P.2d at 154); *see also Randell v. Wyo. State Treasurer ex rel. Wyo. Workers' Comp. Div.*, 671 P.2d 303, 308 (Wyo.1983). Therefore, it is irrelevant that the appellants, pursuing the same responsibilities, may be covered by the Act under different employment; the assessment is based on the activities of the employer, not the employee.

[¶ 18] In all likelihood, the code assigned the Distribution Center would have been different from the code for Wal–Mart's retail outlets under a pure NAICS classification system. However, the Division does not implement the NAICS methods for classifying Wyoming businesses. The Distribution Cen-

ter is a supporting operation to Wal–Mart's retail activities which are pursued through Sam's Clubs and Supercenters. For that reason, the Distribution Center is not designated a NAICS classification independent from that assigned to the Wal–Mart retail stores. The Division appropriately assigned to Wal–Mart a classification based on its primary business within the state of Wyoming. This determination was proper based on the location of Wal–Mart's employees and revenue streams within Wyoming. It is of no consequence that individual employees may have been performing extrahazardous activities. This method, although not used by NAICS, is in proper keeping with Wyoming statute, the rules and regulations promulgated by the Division, case law, and the Wyoming Constitution. Because Wal–Mart's Wyoming operations are primarily retail and the vast majority of its employees are employed at the retail stores, Wal–Mart, and by extension the Distribution Center, was properly classified under the Warehouse Clubs and Supercenters rubric. The legislature has made a determination that this classification will not be considered extrahazardous and Wal–Mart did not elect to contribute to the state fund. The appellants are therefore ineligible for workers' compensation benefits.[1]

## CONCLUSION

[¶ 19] Wal–Mart's Wyoming operations were properly assigned code 452910 Warehouse Clubs and Supercenters based on its primary business. The Distribution Center is not entitled to its own classification separate from Wal–Mart's retail stores. This coding is not enumerated by the legislature as extrahazardous. Claimants' responsibilities, regardless of whether or not extrahazardous, do not alter Wal–Mart's primary business activities. Because Wal–Mart is not engaged in extrahazardous business activities and did not elect to contribute to the state

workers' compensation fund, the appellants are not entitled to benefits.

---

1. The Court notes that appellant Elder also raised the issue that OAH inappropriately granted summary judgment to Wal–Mart on the basis that the one-year statute of limitations had expired before Elder had filed for compensation with the Division. We need not address this issue; even if summary judgment were inappropriate, appellant Elder would still lose on the merits of the case and would not be granted benefits from the state fund.